## BAZÁN *v.* STEVENS & CO.

### APPEAL from the District Court of San Juan.

No. 530.—Decided October 27, 1910.

JURISDICTION—AMOUNT OF CLAIM.—If the amount claimed in a suit is within the limits fixed by the law for the purpose, the court acquires jurisdiction over the matter, although the amount really owing to the plaintiff be greater than the sum demanded by him.

APPEAL—CITATION OF THE DEFENDANT—PROOF THEREOF—SUMMONS.—Although the citation of the defendant, in cases where he should fail to appear and answer the complaint, must be proven by the summons that should form part of the record sent up on appeal by the secretary of the municipal court to the district court, yet, if from the judgment rendered by the municipal court, and other evidence taken in the district court, it should appear that such citation was made, a failure to include the summons in the record would be no reason for reversing the judgment.

ID.—The admission of the testimony of a defendant to prove the citation of one of the other defendants—a partner of the former—in a case where the summons did not appear in the record, but there being other proof tending to show that the citation was made, cannot be regarded as erroneous.

The facts are stated in the opinion.

*Mr. Joseph Anderson, Jr.,* for appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from the judgment rendered by the District Court of San Juan in a case from the municipal court brought by Antonio Bazán against Stevens & Co. for the recovery of a money debt. None of the parties appeared at the hearing held in this court, but the appellant, in his written brief, advanced the following grounds in support of the appeal:

1. That the court was without jurisdiction to decide this case because the amount owing and demanded was more than $500, and

2. Because it does not appear from the record of the proceedings sent up to the district court by the municipal court that the defendant was cited or summoned to appear before the municipal court.

Let us examine the first ground. From the transcript of the record it appears that the sum claimed by the plaintiff and ordered to be paid by the municipal court and district court was 485 *pesos,* and, therefore, that the municipal court has original jurisdiction of the case in view of the provisions of section 4 of the act to reorganize the judiciary of Porto Rico, approved March 10, 1904. (Laws of Porto Rico, p. 95.)

It is immaterial, as said by the appellant himself, that the sum owing was greater, if the amount claimed and adjudged was such as to give the municipal court jurisdiction. In this connection see the opinion of this court in the case of *Betancourt* v. *Lamás y Méndez,* decided April 29, 1910 (16 P. R. Rep., p. 265), and cases there cited.

Let us examine the second ground of the appeal. From the transcript of the record it appears that, before the hearing of the district court, this question was raised by a motion and overruled by the said court, and properly so, in our opinion, because, although the citation or summons of the defendant is not included in the record sent up by the municipal court to the district court of appeal, it is set forth in the judgment rendered by the municipal court that the defendant was notified and allowed the time within which he might answer the complaint to expire, and the simple statement of counsel for one of the partners of the firm of Stevens & Co., namely, Albert F. Stevens, in a motion which was not even sworn to, is not sufficient to destroy the presumption of the truth of the judgment, and especially when it is considered that, at the hearing, F. R. Goenaga, the other partner of the defend-

ant firm, testified under oath that he had been cited and that he failed to appear because he acknowledged the debt.

At the new trial held in the district court, evidence was introduced consisting of two promissory notes, one for $135 and the other for $350, both subscribed by Stevens & Co., acknowledging that it was indebted in such amounts to plaintiff, Bazán; in the partnership contract of Stevens. & Co., which shows that the said A. F. Stevens and F. R. Goenaga were managing partners and that they each had a right to sign the firm name and receive money, and in the testimony of Goenaga, who acknowledged the promissory notes, ''that he had delivered to Mr. Stevens, his partner, for the use of the partnership, the money derived from the notes that he had received from Mr. Bazán, and that the said amount has not been paid to Bazán.''

A. F. Stevens at the new trial did not present any evidence whatever, but merely the allegations contained in the motion above referred to, and objected to the holding of the trial and the testimony of Goenaga on the ground that it was not the best evidence of the fact that the summons was served. The record was sent up to the district court by virtue of an appeal taken by A. F. Stevens, and since he alleged that the defendant company had not been summoned, he should have proved that fact and not have attempted to take advantage of the carelessness, perhaps, of the secretary of the municipal court in failing to include the summons, as he should have done, in the record which he sent up. And this question having been raised at the trial, and the district judge having asked the question whether the defendants had been summoned, and, if so, why no evidence was presented, and one of the partners of the defendant firm being there present, the plaintiff asked that he testify, and his testimony was in truth clear and explicit. Such a procedure, under the circumstances, cannot be regarded as erroneous, nor can it serve as a basis for the reversal of a judgment which everything shows to be just.

The appeal must be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.